**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

|                                               |   |                          |
|-----------------------------------------------|---|--------------------------|
| MARISOL LOPEZ,                                | : | CIVIL ACTION             |
| *Plaintiff*,                                  | : |                          |
|                                               | : | NO: 3:24-cv-01313-JKM    |
| v.                                            | : |                          |
|                                               | : |                          |
| KALAHARI RESORTS, LLC, *et al.*,              | : |                          |
| *Defendants*.                                 | : |                          |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT,
KALAHARI RESORTS PA, LLC, TO PLAINTIFF'S COMPLAINT**

Defendant, Kalahari Resorts, PA, LLC\[1] (hereinafter "Defendant"), by its undersigned counsel, Heather M. Eichenbaum, Esquire of Spector Gadon Rosen Vinci P.C., hereby responds to plaintiff's Complaint as follows:

**THE PARTIES**

1. Denied. Despite reasonable investigation, Defendant lacks sufficient information to either admit or deny the averments herein and, accordingly, same are denied with strict proof thereof demanded at trial.

2. Admitted in part; denied in part. Admitted that Defendant is a limited liability company. Denied that Defendant regularly conducts business in Philadelphia County.

---

[1]\  This action was initially commenced against Kalahari Resorts, LLC, Kalahari Development, LLC, Kalahari Management Co., LLC, and Kalahari Resorts & Conventions – Poconos which are uninvolved entities. Each of those uninvolved entities was dismissed, and the correct entity, Kalahari Resorts PA, LLC, remains the sole defendant in this civil action by Stipulation. *See* true and correct copy of filed Stipulation, attached hereto as Exhibit "A". Further, plaintiff's Complaint is amended by the same Stipulation, such that all references to "defendants" and "all defendants" within the Complaint are amended to "Defendant" and refer only to Kalahari Resorts PA, LLC. *See* Exhibit "A". The herein Answer applies solely to Defendant and is not intended to answer or otherwise respond in any way to the Complaint on behalf of any of the dismissed defendants.

3. Denied. The averments herein constitute conclusions of law to which no response is required under the applicable Federal Rules of Civil Procedure. To the extent any averment herein is deemed factual in nature, same is denied with strict proof thereof demanded at trial.

4. Denied. The averments herein are directed to an entity other than Defendant and, therefore, no response is required under the applicable Federal Rules of Civil Procedure. To the extent any response is deemed required, the averments herein are denied with strict proof thereof demanded at trial.

5. Denied. The averments herein are directed to an entity other than Defendant and, therefore, no response is required under the applicable Federal Rules of Civil Procedure. To the extent any response is deemed required, the averments herein are denied with strict proof thereof demanded at trial.

6. Denied as stated. The averments herein constitute conclusions of law to which no response is required under the applicable Federal Rules of Civil Procedure. To the extent any averment herein is deemed factual in nature, same is denied with strict proof thereof demanded at trial. It is specifically noted that Defendant does not *exclusively* maintain or control *all* aspects of the premises.

7. Admitted in part; denied in part. It is admitted only that plaintiff was present at the stated property on the stated date. All other averments herein are conclusions of law to which no response is required under the applicable Federal Rules of Civil Procedure. To the extent any other averment herein is deemed factual in nature, same is denied with strict proof thereof demanded at trial.

8. Denied as stated. The averments herein constitute conclusions of law to which no response is required under the applicable Federal Rules of Civil Procedure. To the extent any averment herein is deemed factual in nature, same is denied with strict proof thereof demanded at the time of trial.

9. Denied as stated. The averments herein constitute conclusions of law to which no response is required under the applicable Federal Rules of Civil Procedure. To the extent any averment herein is deemed factual in nature, same is denied with strict proof thereof demanded at trial.

10. Denied as stated. The averments herein constitute conclusions of law to which no response is required under the applicable Federal Rules of Civil Procedure. To the extent any averment herein is deemed factual in nature, same is denied with strict proof thereof demanded at the time of trial.

11. Denied. Despite reasonable investigation, Defendant lacks sufficient information to either admit or deny the averment herein and, accordingly, same is denied with strict proof thereof demanded at trial.

12. Denied as stated. The averments herein constitute conclusions of law to which no response is required under the applicable Federal Rules of Civil Procedure. To the extent any averment herein is deemed factual in nature, same is denied with strict proof thereof demanded at trial.

13. Denied as stated. The averments herein constitute conclusions of law to which no response is required under the applicable Federal Rules of Civil Procedure. To the extent any averment herein is deemed factual in nature, same is denied with strict proof thereof demanded at trial.

14. Denied as stated. The averments herein constitute conclusions of law to which no response is required under the applicable Federal Rules of Civil Procedure. To the extent any averment herein is deemed factual in nature, same is denied with strict proof thereof demanded at the time of trial.

## COUNT I

15. Defendant hereby incorporates its responses to paragraphs 1 through 14 above as though same were set forth at length herein.

16. Denied. The averments herein constitute conclusions of law to which no response is required under the applicable Federal Rules of Civil Procedure. To the extent any averment herein, including those in all sub-paragraphs hereto, is deemed factual in nature, Defendant denies same in its entirety and demands strict proof thereof at trial.

**WHEREFORE**, Defendant, Kalahari Resorts PA, LLC, respectfully demands that plaintiff's Complaint be dismissed with prejudice, together with an award of costs and fees to Defendant, as well as any other sums deemed appropriate by the Court.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE

The plaintiff was comparatively negligent so as to totally bar her recovery in this case under the applicable provisions of the Pennsylvania Comparative Negligence Act, 42 Pa. C.S. § 7102; in the alternative, plaintiff's recovery is to be reduced in accordance with the amount of comparative negligence attributed to her.

### THIRD AFFIRMATIVE DEFENSE

Defendant denies that the injuries alleged in the Complaint were caused or contributed to by any conduct on the part of Defendant, its agents, servants, workmen, and/or employees acting within the course and scope of their employment.

**FOURTH AFFIRMATIVE DEFENSE**

The plaintiff assumed the risk or risks of injury under the circumstances, thereby barring her from any recovery under applicable law.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by an existing statutory or common law immunity or limitations of liability arising in favor of Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

The incident complained of in the Complaint was caused by another over whom Defendant exercised no control and had no duty to control.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant denies any knowledge or notice, either actual or constructive, of any alleged dangerous or hazardous condition and denies the opportunity to remedy same.

**EIGTH AFFIRMATIVE DEFENSE**

The injuries and/or damages complained of by plaintiff are not a proximate result of any negligence on the part of Defendant.

**NINTH AFFIRMATIVE DEFENSE**

The incidents and damages alleged in the Complaint were the result of the sole negligence of the plaintiff.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by assumption of the risk.

**ELEVENTH AFFIRMATIVE DEFENSE**

If it is assumed, *arguendo*, that the condition complained of by plaintiff existed, same was to be expected by plaintiff, thereby precluding any recovery by plaintiff herein.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel and/or the entire controversy doctrine.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant violated no duty owed to plaintiff which proximately caused the injuries and damages alleged to have been sustained by the plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

All claims against Defendant as alleged in the Complaint are barred as any acts complained of were committed by persons or entities other than Defendant for whose conduct Defendant was not legally responsible and whose conduct Defendant had no duty or reason to anticipate.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, are speculative and/or were not reasonably foreseeable.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant complied with all applicable Pennsylvania regulations, laws, rules, and standards with regard to the premises at which the plaintiff alleges she was injured and, accordingly, cannot be held liable in this action to the plaintiff.

### EIGTEENTH AFFIRMATIVE DEFENSE

Defendant pleads any and all statutory and/or common law defenses to the claims set forth by the plaintiff in her Complaint.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged incident was caused by her own intentional wrongdoing, negligence, gross negligence, recklessness, and/or disregard of her surroundings, well-being, and safety.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's alleged incident was caused by her own inattention to her surroundings.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant asserts the statute of limitations as a complete defense to any attempt at a later date by plaintiff to amend the Complaint to name new defendants, whether previously fictitiously-named or otherwise, or assert new claims.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

If it is assumed, *arguendo*, that the condition complained of by plaintiff existed, same was open and obvious, thereby precluding any recovery by the plaintiff herein.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

There was no defect or hazard about the premises at issue and if, assuming *arguendo*, there was a defect or hazard, then it was inherent in the flooring product, unknown to Defendant despite all reasonable diligence, and any claims for said defect or hazard are improper against Defendant and are, conversely, proper only against the flooring designer and/or manufacturer.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant reserves the right to raise other defenses as discovery may reveal.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend this Answer with Affirmative Defenses based on any new or additional information developed in discovery and/or presented at trial.

**WHEREFORE**, Defendant, Kalahari Resorts PA, LLC, respectfully demands that plaintiff's Complaint be dismissed with prejudice and judgment be entered in Defendant's favor and against plaintiff, with prejudice, together with an award of costs and fees, as well as any other sums deemed appropriate by the Court.

**DEMAND FOR JURY TRIAL**

Kalahari Resorts PA, LLC demands a trial by jury of twelve (12) on all issues.

**CERTIFICATION**

I certify that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding and I know of no other parties to be joined at this time.

The undersigned hereby certifies that the within pleading was filed with the time prescribed by the applicable Federal Rules of Civil Procedure.

The undersigned hereby certifies that all personal identifiers have been removed from this filing and any attachments hereto.

Respectfully submitted,

SPECTOR GADON ROSEN VINCI P.C.

By: _____
HEATHER M. EICHENBAUM, ESQUIRE
Seven Penn Center
1635 Market Street, 7th Floor
Philadelphia, PA  19103
Telephone: (215) 241-8856
Facsimile: (215) 531-9129
heichenbaum@sgrvlaw.com

*Attorney for Defendant,*
*Kalahari Resorts PA, LLC*

DATED:  August 12, 2024

# EXHIBIT "A"

SPECTOR GADON ROSEN VINCI P.C.
By:  Heather M. Eichenbaum, Esquire
Identification No. 78640
Seven Penn Center
1635 Market Street, 7th Floor
Philadelphia, PA  19103
(215) 241-8856/(215) 531-9129 (fax)
heichenbaum@sgrvlaw.com



Attorneys for Defendants, Kalahari Resorts

| | |
|---|---|
| MARISOL LOPEZ, | : IN THE COURT OF COMMON PLEAS |
| | : PHILADELPHIA COUNTY |
| Plaintiff, | : |
| v. | : MAY TERM, 2024 |
| | :  NO. 03154 |
| KALAHARI RESORTS, LLC, *et al.*, | : |
| | : |
| Defendants. | : |

## STIPULATION OF PARTIAL DISMISSAL
## AND AMENDMENT OF PLAINTIFF'S COMPLAINT

It is hereby **STIPULATED** and **AGREED** by and between the undersigned counsel for all parties that any and all claims against Kalahari Resorts, LLC, Kalahari Development, LLC, Kalahari Management Co., LLC, and Kalahari Resorts & Conventions – Poconos are hereby **DISMISSED WITHOUT PREJUDICE**.

It is further **STIPULATED** and **AGREED** that all references to "Defendants" and "All Defendants" within plaintiff's Complaint are hereby **AMENDED** to "Defendant" and are agreed to mean and refer solely to the sole remaining Defendant, Kalahari Resorts PA, LLC.

It is further **STIPULATED** and **AGREED** that the herein Defendants dismissed agree that the defenses of statute of limitations and laches, and any other defense(s) based on the time within which suit is commenced, will not be raised as a defense(s) if plaintiff moves to reinstate claims against one or more of them at a later date in the above-captioned litigation.

By: _Brian S. Chacker_  7/1/24
Brian S. Chacker, Esquire
Counsel for Plaintiff

By: _____  7/1/2024
Heather M. Eichenbaum, Esquire
Counsel for Defendants

3912055_3

Case ID: 240503154
Control No.: 24070802

## CERTIFICATE OF SERVICE

I, **HEATHER M. EICHENBAUM, ESQUIRE**, attorney for Defendant, Kalahari Resorts PA, LLC, hereby certify that, on August 12, 2024, a true and correct copy of the Answer with Affirmative Defenses to plaintiff's Complaint was filed with the Court by ECF and served by *e-mail* on the following counsel of record:

Brian S. Chacker, Esquire
Gay Chacker & Ginsburg, PC
1731 Spring Garden Street
Philadelphia, PA  19130
brian@gayandchacker.com

By: _____
     HEATHER M. EICHENBAUM

Dated:  August 12, 2024

3925467_1